**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **JOSE IZAGUIRRE** | * | **CIVIL ACTION NO. 22-cv-361** |
| | * | |
| **VERSUS** | * | |
| | * | **JURY DEMAND** |
| **FROG LEGS, L.L.C.** | * | |
| **D/B/A BOUDREAUX AND** | * | |
| **THIBODEAUX** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>COMPLAINT</u>

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff Jose Izaguirre ("Izaguirre"), and for his Complaint against Defendant Frog Legs, L.L.C. d/b/a Boudreaux and Thibodeaux ("Boudreaux and Thibodeaux") to allege and aver upon information and belief as follows:

**<u>The Parties</u>**

1.

At all times pertinent herein, Plaintiff Jose Izaguirre was a resident of Palm Desert, California, and a citizen of the State of California. Izaguirre was visiting Baton Rouge, Louisiana on business on April 2, 2022 and a patron/ invitee at Boudreaux and Thibodeaux, a bar and live music venue located at 214 Third Street, Suite D, Baton Rouge, Louisiana.

2.

Made defendant herein is Frog Legs, L.L.C. d/b/a Boudreaux and Thibodeaux, a Louisiana limited liability company with its principal place of business located at 214 Third Street, Suite D, Baton Rouge, Louisiana. Frog Legs, L.L.C. is owned and managed by Chad Hughes, a citizen of

the State of Louisiana, who also serves as the company's registered agent and can be served at 3111 Perkins Road, Baton Rouge, Louisiana 70808.

**Jurisdiction and Venue**

3.

This matter presents a claim between "citizens of different states" as Izaguirre is a resident of Palm Desert, California and a citizen of the State of California and Frog Legs, L.L.C. d/b/a Boudreaux and Thibodeaux, and its member Chad Hughes, are citizens of Louisiana and, as such, this claim falls within the jurisdiction of this Honorable Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the value of the alleged claim far exceed $75,000.

4.

Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the defendant resides in this District and the event giving rise to the claim occurred in this District.

**Izaguirre was injured while a patron/ invitee at Boudreaux and Thibodeaux due to the actions of Boudreaux and Thibodeaux's employees who were acting within the course and scope of their employment.**

5.

Boudreaux and Thibodeaux is a bar and live music venue located on 3rd Street in Baton Rouge, Louisiana that is owned, managed, and operated by defendant Frog Legs, L.L.C.

6.

Boudreaux and Thibodeaux operates as both an indoor and outdoor venue as Boudreaux and Thibodeaux utilizes its balcony, fronting on 3rd Street, as a performance venue making the streetscape in front of the venue an extension of the venue's commercial space.

7.

A photograph of Boudreaux and Thibodeaux and its streetscape is shown below:



8.

Boudreaux and Thibodeaux operates pursuant to Louisiana Class A Liquor License Number 17.00000.14992 issued by the State of Louisiana Office of Alcohol and Tobacco Control ("ATC") and is responsible for complying with all rules and regulations promulgated by ATC.

9.

On or about April 2, 2022, Izaguirre was a patron/ invitee of Boudreaux and Thibodeaux.

10.

During all pertinent times herein, Boudreaux and Thibodeaux employed a team of bouncers/ security  personnel who were responsible for checking patrons for identification, protecting the safety and security of bar patrons, and maintaining order both within the bar and the outdoor space adjacent to it.

11.

Izaguirre spent several hours inside Boudreaux and Thibodeaux enjoying the music and consuming a few drinks that were provided by agents and employees of Boudreaux and Thibodeaux.

12.

Izaguirre was not intoxicated due to the consumption of alcohol while a patron at Boudreaux and Thibodeaux.

13.

When the bar started the process of closing, Izaguirre went to the bar to close out his bar tab.

14.

While Izaguirre was at the bar closing his tab, a member of Boudreaux and Thibodeaux's security staff was standing next to him and complaining to Izaguirre about having to clean the bathroom after the bar closed.

15.

Izaguirre, in jest, commented to the security staff person that he should stop complaining about having to do his job, including cleaning the bathroom.

16.

The security staff person became upset due to Izaguirre's comment and began to argue with Izaguirre as he closed out his tab and started to leave the building.

17.

The security staff person continued to aggressively pursue Izaguirre as Izaguirre attempted to walk away from him and leave the building.

18.

After Izaguirre walked outside of the bar, the angry security staff person recruited his colleague who was working security outside at the door and then two security staff/ bouncers employed by Boudreaux and Thibodeaux continued to interact with Izaguirre, despite Izaguirre having left the interior of the bar.

19.

As the security personnel continued to aggressively pursue Izaguirre for no apparent reason, Izaguirre attempted to retreat from the situation and began walking down 3rd street away from Boudreaux and Thibodeaux to avoid the needless confrontation.

20.

Despite Izaguirre retreating, the two security staff/ bouncers continued to pursue Izaguirre down the street with the "smaller" bouncer striking Izaguirre and knocking him to the ground.

21.

After Izaguirre was on the ground, the "larger" bouncer hit Izaguirre in the face/ head knocking him temporarily unconscious, knocking out several of his teeth, and causing him significant facial/ head injuries.

22.

A photograph showing Izaguirre's post-incident condition is below:



23.

A photograph showing Izaguirre's teeth that the Boudreaux and Thibodeaux's security staff knocked out is below:



24.

This incident occurred on the streetscape adjacent to Boudreaux and Thibodeaux within the area utilized by Boudreaux and Thibodeaux patrons while enjoying the outdoor music, fresh air, and entering/ exiting the facility.

25.

The physical force used by Boudreaux and Thibodeaux's security staff upon plaintiff was unprovoked, excessive, unreasonable, unnecessary, and a disproportionate response to plaintiff's actions.

26.

Boudreaux and Thibodeaux's security staff's use of excessive physical force constitutes both an intentional and a negligent act pursuant to Louisiana Civil Code Article 2315 that states, "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." La. Civ. Code. art. 2315

27.

As a result of the physical force used by defendant Boudreaux and Thibodeaux's security staff, plaintiff suffered injuries to his mind and body, specifically, but not limited to, a concussion, traumatic brain injury, cuts, bruises, the loss of several teeth, was transported by ambulance from the scene to a hospital, and incurred contemporaneous and subsequent medical treatment.

28.

Plaintiff has and will experience pain and suffering, permanent disfigurement, loss of income, loss of earnings, and incurred medical expenses because of his injuries.

29.

Defendant Boudreaux and Thibodeaux's security staff was acting in the course and scope of their employment and attempting to further their employer's objectives during this interaction with the plaintiff.

30.

Defendant Boudreaux and Thibodeaux is liable to plaintiff for the actions of Boudreaux and Thibodeaux's staff and Izaguirre's damages under the doctrine of *respondeat superior*.

31.

Defendant Boudreaux and Thibodeaux is further liable to plaintiff as its negligence in failing to properly recruit, train, and supervise its employees was a proximate cause of plaintiff's injuries.

32.

Izaguirre's damages were proximately caused by the negligent acts or omission and/or commission on the part of Boudreaux and Thibodeaux, and the employees that it is responsible for, in the following specific particulars:

a.    Failing to properly hire, screen, train, manage, and supervise its security staff;

b.    Failing to prevent its security staff from using excessive force against patrons/ invitees;

c.    Failing to protect patrons/ invitees from harm while in and around Boudreaux and Thibodeaux;

d.    Failing to implement reasonable policies regarding the management of patrons/ invitees while at Boudreaux and Thibodeaux;

e.    Failing to use a reasonable effort to keep the premises free of hazardous conditions such as violent Boudreaux and Thibodeaux employees;

f.    Failing to implement a proper plan to close the bar for the evening while taking into account the safe removal of all invitees/ patrons;

g.      Failing to comply with applicable statutes, codes, and regulations under local, state and federal law; and

h.      Any and all other acts of negligence or omissions which may be demonstrated at trial of this matter.

33.

Izaguirre's damages were also proximately caused by the intentional acts of omission and/or commission on the part of Boudreaux and Thibodeaux, and the employees it is responsible for.

34.

Izaguirre sustained the following damages which were proximately caused by the above-described negligent and intentional acts of Boudreaux and Thibodeaux and its employees:

a.      Past physical pain, suffering, and discomfort;

b.      Past mental anguish, aggravation, and annoyance;

c.      Future physical pain, suffering, and discomfort;

d.      Future mental anguish, aggravation, and annoyance;

e.      Past medical expenses;

f.      Future medical expenses;

g.      Past lost wages;

h.      Future lost wages;

i.      Property damage;

j.      Loss of enjoyment of life;

k.      Loss of consortium;

l.      Disability from working to earn an income;

m.    Destruction of earning capacity; and

n.    Disability from engaging in recreation.

35.

Plaintiff, Jose Izaguirre requests a trial by jury.

**WHEREFORE,** Plaintiff, Jose Izaguirre, prays that Summons be issued and that the

Summons and this Complaint be served upon defendant herein, and that after all legal delays, that

there be judgment in favor of Jose Izaguirre and against Defendant Frog Legs, L.L.C. d/b/a

Boudreaux and Thibodeaux, for such damages as are reasonable in the premises, penalties,

attorneys' fees, judicial interest from the date of demand, the costs of these proceedings, and all

other general and equitable relief.

**Respectfully submitted,**

**MILLER, SULLIVAN & DEMARCAY, LLC**

**LAWRENCE R. DeMARCAY, III (#25379)**
1100 Poydras Street, Suite 1515
New Orleans, LA 70163
Phone:  504-708-1268
Fax:  504-708-1398
lrd@msdnola.com

*Counsel for Plaintiff, Jose Izaguirre*

Please issue summons to:

Frog Legs, L.L.C. d/b/a Boudreaux and Thibodeaux
Through its Registered Agent:
Chad Hughes
3111 Perkins Road
Baton Rouge, Louisiana 70808